

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:05-CR-69 |
| | § | |
| WILSON LOCKE LYNCH, JR. | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Wilson Locke Lynch, Jr., violated conditions of supervised release imposed by United States District Judge Ron Clark of the Eastern District of Texas. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release [Clerk's doc. #49]. The Court conducted a hearing on January 4, 2012, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of

supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On November 28, 2005, the Honorable Ron Clark, United States District Judge for the Eastern District of Texas, sentenced the defendant after he pled guilty to the offenses of Receipt of Material Involving the Sexual Exploitation of Children and Possession of Material Involving the Sexual Exploitation of Children, both Class C felonies. Judge Clark sentenced the defendant to a total of 68 months imprisonment to be followed by a three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include:

-access to any requested financial information,

-no new credit,

-sex offender registration and sex offender treatment,

-the defendant shall not have unsupervised contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer,

-the defendant shall not purchase, possess, have contact with or use devices to include cellular telephones with picture capability, digital cameras, digital recorders, Personal Digital Assistants (PDA), portable data storage devices such as thumb drives and Flash memory, any photographic equipment, computers, computer peripherals, or other electronic device that is capable of communicating data via modem or dedicated connection, and shall not have access to the internet, the defendant shall not possess or access a computer except at a place of employment, in the course of his or her employment, such computer shall have no modem or other Internet access device accessible. The defendant shall allow the probation officer to have access to any computer to which he or she has access for the purpose of monitoring this condition,

-the defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C. Section 2256(2),

-the defendant's employment shall be restricted to the district and division where he resides and/or is supervised. Prior to accepting any form of employment, the defendant shall seek the approval of the probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community the defendant will pose if employed in a particular capacity, and

-the defendant is prohibited from frequenting places where minor children congregate, including, but not limited to, schools, swimming areas, parks, playgrounds, shopping malls, and other recreational areas, unless under the supervision of an adult approved by the probation officer.

On November 18, 2010, Wilson Locke Lynch, Jr., completed his period of imprisonment and began service of the supervision term. On June 10, 2011, the Court signed a modification of Mr.

Lynch's conditions of supervision to include electronic monitoring to enable the probation officer to better monitor Mr. Lynch's whereabouts.

**B. Allegations in Petition**

The United States alleges that the defendant violated the following special condition of supervised release:

*The defendant is prohibited from frequenting places where minor children congregate, including, but not limited to, schools, swimming areas, parks, playgrounds, shopping malls, and other recreational areas, unless under the supervision of an adult approved by the probation officer.*

Specifically, on or about November 24, 2011, at approximately 10:00 a.m., Mr. Lynch entered the Toys "R" Us store in Beaumont, Texas, to purchase an electronic game.

**C. Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would proffer testimony establishing that on November 24, 2011, at approximately 10:00 a.m., Lynch entered the Toys "R" Us store in Beaumont, Texas, to purchase an electronic game. The defendant also signed an admission form in the presence of his probation officer, Carl W. Tucker, on December 16, 2011, in which Lynch admitted to entering the Toys "R" Us as described above in violation of his supervision conditions. That admission form was entered into the record as the Government's Exhibit 1.

Defendant, Wilson Locke Lynch, Jr., offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he entered the Toys "R" Us in the manner described in the petition.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by entering a Toys "R" Us store in the manner alleged in the petition. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(2). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2); 18 U.S.C. § 3583(g).

Based upon the Defendant's criminal history category of I and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from three (3) to nine (9) months. *See* U.S.S.G. § 7B1.4(a). Because the original offenses of conviction were Class C felonies, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* Because the original offenses of conviction were Class C felonies, the maximum term of supervised release that may be imposed in this revocation proceeding is life, less any term of imprisonment imposed for a revocation of supervised release 18 U.S.C. § 3583(b) & (k); *see also* U.S.S.G. § 7B1.3(g)(2).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he entered a Toys "R" Us store in violation of a special condition of his supervision which prohibits him from frequenting places where minor children congregate. Lynch voluntarily pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing*.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, the undersigned United States Magistrate Judge recommends that the District Court accept the plea of true and revoke the defendant's supervised release.

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

The undersigned magistrate judge further recommends that the District Court order the defendant to serve a term of **six (6) months imprisonment**. Pursuant to the defendant's request, the Court also recommends that he be allowed to serve his prison term in either the Federal Correctional Institution (FCI) in Seagoville, Texas, or the Federal Medical Center (FMC) in Butner, North Carolina, to facilitate necessary medical care for a hip replacement surgery which Lynch recently underwent.

The Court finally recommends that, upon his release from prison, Lynch should be sentenced to a new term of **supervised release for eighteen (18) months.** The parties agreed that the new term of supervision should be subject to the same mandatory, standard, and special conditions set by Judge Clark in the original judgment of conviction entered in this case.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate

judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of January, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE